Juane Thea DUNIGAN, Plaintiff–
Appellant,

v.

FEDERAL BUREAU OF INVESTIGA-
TION, Criminal Investigative Divi-
sion, Defendant–Appellee.

No. 00–1671.

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 2001.

Before MARTIN, Chief Judge;
SUHRHEINRICH, Circuit Judge; and
OLIVER, District Judge.*

*ORDER*

Juane Thea Dunigan appeals a district court judgment that dismissed her civil rights complaint for lack of federal subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Dunigan filed her complaint in the district court in which she made allegations to the effect that federal officials controlled the minds of plaintiff and her family through electronic devices. The magistrate judge ordered plaintiff to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction, and plaintiff filed a response in which she essentially reiterated the allegations of her complaint. The Federal Bureau of Investigation then moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

The magistrate judge recommended that the complaint be dismissed for lack of subject matter jurisdiction, and plaintiff filed a pleading in which she referred to

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

the magistrate judge's recommendation and the show cause order, and again reiterated the allegations of her complaint. The district court adopted the magistrate judge's recommendation and dismissed the complaint. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff continues to reiterate the allegations of her complaint. The government responds that: (1) plaintiff has waived appellate review because she failed to file objections to the magistrate judge's recommendation; and (2) the district court properly dismissed plaintiff's complaint in any event.

Upon de novo review, *see Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990), we affirm the district court's judgment for the reasons stated in the magistrate judge's report and recommendation filed April 27, 2000. Essentially, plaintiff's allegations do not set out any basis for federal subject matter jurisdiction. Plaintiff alleged nothing that could be deemed to give rise to a civil rights claim cognizable against federal officials under the authority enunciated in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Finally, it appears that plaintiff did not waive her right to appellate review because, following the magistrate judge's recommendation, she filed a pleading in which she reiterated her allegations and referred to the magistrate judge's report and recommendation as well as the order to show cause why her complaint should not be dismissed for lack of jurisdiction. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.